**HARPER v. NOWLIN et al.**
No. 4997.

Court of Appeal of Louisiana.
Second Circuit.
March 8, 1935.

**480**

E. W. & P. N. Browne, of Shreveport, for appellants.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellee.

MILLS, Judge.

The petition in this case, eked out by testimony admitted without reservation or objection, shows that plaintiff incurred expense in the development of, and performed work on, an oil lease in Gregg county, Tex., for which he claims the amount of $525. E. D. Nowlin, a broker, was negotiating for the sale of the lease in question, which sale he could not consummate because of the pendency of a suit brought by plaintiff against one Tom Woodley, presumably then the owner of the lease. It was agreed between Nowlin and Harper that if the suit was dismissed, the former would pay the latter the amount involved. The suit was dismissed and Nowlin and his wife, who, together with one John Messenger, appears to have acquired a four-sixteenth interest in the lease, signed and delivered to plaintiff an order on J. W. Clark, Inc., which was handling the production, to pay to plaintiff $525 out of the one-sixth of all of the oil that might be produced, saved, and marketed from the premises concerned. Just what became of Messenger in the transaction is not explained. Before any payments had been made on this order, J. W. Clark, Inc., disposed of its interest to the Atlas Pipe Line Company. Whereupon Harper requested of defendants, in lieu of the above order, a division order on the Pipe Line Company. Nowlin was willing to sign such a division order, but his wife, who appears to have held the title, refused to do so. Harper then filed this suit, praying for a personal judgment for $525 against Nowlin and his wife in solido.

The petition does not allege and the testimony does not show that oil sufficient to pay the claim was ever produced on the lease.

The lower court rendered judgment in favor of plaintiff as prayed for, from which defendants have appealed.

■ The Nowlins contend that there was no consideration given for the order on J. W. Clark, Inc. They assert complete ignorance of the suit against Woodley, and that the order was given out of the kindness of their hearts to keep Harper out of some vague trouble. Considering the weakness of their position and the lameness of their testimony on this point and the indisputable fact of the written order, we agree entirely with the finding of the lower court in favor of plaintiff on this issue.

■■ We do not, however, agree with the judgment in so far as it holds Mrs. Nowlin liable. The testimony does not disclose that she was a party to the original oral agreement. The order which she and her husband signed was in no sense an assignment of any interest in the lease, but was simply a direction to J. W. Clark, Inc., to pay to plaintiff a certain sum whenever sufficient oil was produced to pay that sum out of their interest. J. W. Clark, Inc., having severed its connection with the lease before any payments had accrued, this order, personal to it, became of no effect. No showing is made that Mrs. Nowlin ever agreed to become liable for the debt beyond the oil produced. As stated above, there is no showing that such oil has ever been produced to pay the claim. We therefore think that the demand for personal judgment against her should be rejected.

The judgment appealed from is accordingly amended by rejecting plaintiff's demand against Mrs. Elizabeth C. Nowlin, and, as amended, is affirmed.